**REESE LLP**
Michael R. Reese (California State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (California State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade (California State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JULIA HECK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>AMAZON.COM, INC, and AUDIBLE, INC.<br><br>Defendants. | Case No. 4:22-cv-03986-JSW<br><br>**FIRST AMENDED COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Julia Heck ("Plaintiff"), on behalf of herself and others similarly situated, bring this Class Action Complaint against defendants Amazon.com, Inc. ("Amazon") and Audible, Inc. ("Audible") (collectively, "Defendants"). On the basis of personal knowledge, information and belief, and investigation of counsel, Plaintiff alleges as follows:

## INTRODUCTION

1. Amazon is a vast internet-based enterprise that provides goods and services with respect to e-commerce, logistics, payment, hardware, data storage, and media, among other businesses.

2. Amazon Prime membership costs approximately $119 per year. According to Amazon, its Prime membership confers many shipping, shopping, streaming, reading, and other benefits. *See* https://www.amazon.com/primeinsider/about?ref=primenav_benefits.

3. Audible is a wholly owned subsidiary of Amazon. Audible provides downloadable and streaming audio content for a monthly fee.

4. Amazon surreptitiously enrolled its Prime members in a paid subscription to Audible through a process that is likely to deceive reasonable consumers.

5. Amazon and Audible made it exceedingly difficult for its Prime members to discontinue the Audible membership. Amazon and/or Audible also limited refunds of those monthly subscription fees. As a result, many Prime members paid monthly subscription fees for Audible services that they never asked for and/or ever used.

6. Defendants' misconduct constitutes violations of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code **§** 1750 *et seq.*; violations of California's Auto-Renewal Law ("ARL"); and violations of California's Unfair Competition Law ("UCL").

7. Plaintiff brings this class action to stop Defendants from continuing their deceptive practices and to either recover damages on behalf of herself and all others similarly situated or, in the alternative, obtain restitution of unlawful charges.

## JURISDICTION

8. This Court has jurisdiction over this action because Amazon filed a Notice of Removal pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). ECF No. 1.

CLASS ACTION COMPLAINT
1

**PARTIES**

9. Plaintiff Julia Heck is a citizen of Fortuna, California in Humboldt County. In March of 2021, Plaintiff made several purchases with Amazon through her Amazon Prime account. Pursuant to the terms of her Amazon Prime account, items she purchased from Amazon were to be delivered to her within two days. However, at the time of purchase, Amazon offered Plaintiff through its "No-Rush Shipping Program" free digital credits if Plaintiff would take delivery later than two days. Plaintiff agreed to the delayed delivery. Amazon then used this "No-Rush Shipping Program" to surreptitiously enroll Plaintiff in an Audible account and gave Audible Plaintiff's credit card information on file with Amazon. Audible then improperly charged Plaintiff a monthly fee of $14.95 for an Audible subscription she did not agree to for four months (April of 2021 to July of 2021) for a total of $59.80 until she discovered and cancelled her Audible subscription.

10. Defendant Amazon.com, Inc. is a Delaware corporation with a principal place of business in Seattle, King County, Washington.

11. Audible, Inc. is a wholly-owned subsidiary of Amazon.com. Audible, Inc. claims it "is the leading creator and provider of premium audio storytelling" and "the largest producer of audiobooks in the world" https://www.audible.com/about. Audible, Inc. is headquartered in Newark, New Jersey.

12. During the relevant statutes of limitations, Plaintiff purchased a Prime membership within this District for her personal use.

**SUBSTANTIVE ALLEGATIONS**

13. Amazon Prime members must provide to Amazon a payment method to be maintained on file in the member's digital "Wallet." Payment methods include credit cards, debit cards, and personal checking accounts. One payment method must be selected as the member's "default" payment method, and that default method allows Amazon to charge that method for any digital purchases, including Audible subscriptions.

14. Amazon promotes its Audible services on its Amazon website, app, and on its Kindle platforms. Prime members, in particular, are targeted for enrollment in a subscription to

1  Audible through a process that is not clear to members. Many Prime members have no idea that
2  Amazon has enrolled them in a paid subscription to Audible until they later see the monthly
3  charges on their credit card, debit card, or checking accounts on file with Amazon.

4     15.    One way that Amazon subscribed its Prime members to a paid Audible membership
5  is by offering its customers free digital credits if they agreed to take delivery of an order placed
6  through Amazon Prime on a delayed basis. Unbeknownst to Prime members, Amazon then used
7  this agreement by the customer to "No Rush Shipping" to enroll the customer in a "free trial"
8  membership with Audible. After the trial period, Amazon then passed to Audible the credit card
9  information that is on file in Prime members' digital "Wallets" to allow Audible to bill monthly
10 fees for a paid subscription to Audible's services.

11     16.    Inadvertent Audible membership is not adequately disclosed to the Prime members.
12 For example, if a Prime member is enrolled by Amazon in Audible, the Prime member does not
13 receive any conspicuous materials from Amazon or Audible by email confirming enrollment or
14 notifying of monthly charges. In other instances, Prime members unsubscribe to Audible, yet
15 continue to be charged across the various payment methods in the Prime members' "Wallet."

16     17.    There have been thousands of complaints about this deceptive practice.

17     18.    On Amazon's own forum, Patricia C. stated:

> I was charged $14.95 audible charge to my checking account. It is called a gold membership order number. I have never authorized this charge, plus I never signed up for this membership plus the address is incorrect.
>
> You tried to charge me before on a credit card and I finally had all cancelled and removed then I removed the card it was charged on
>
> Now you went to my checking account and charged me $14.95 I have never signed up for this membership and the order number. Please cancel this order and remove me permanently from this membership I have since wiped and removed all my credit cards and banking accounts from this system. This is the second time this has been done. I gave no authorization for a, one time click payment, for my accounts to be charged
>
> Please respond Thank you

https://www.amazonforum.com/s/question/0D54P00007Ph1BJ/i-have-a-question-about-an-audible-charge-on-my-account)

     19.    On Reddit, there are numerous postings about this improper practice:

.I renewed my prime with a trial because I let it go for awhile to save some money. A few days later audible is charging me 16.99... I didn't sign back up for audible or anything. Is this something automatic when you sign up prime?

20.     The following post is also on Reddit:

I have never signed up or even been to their website but had a withdraw from my bank account for a month of audible. I called audible and my bank, they returned my money in 3 days. I don't know how they got my card numbers but I let it go and forgot all about it. My Mother in law called me today and she is also being charged monthly for a subscription to audible that she has never heard of. I'm just curious if anyone else has this issue. When I googled it I found that this is common for this company to do. I would just like to know how they manage to get my card information, wish and Amazon are the only places that have my card info.

21.     On Sitejabber, a leading online destination for customer ratings and reviews of businesses, there are hundreds of reviews warning consumers about Audible's unauthorized charges.

22.     Jane P. wrote on March 13, 2021:

I had an account on amazon prime to watch movies and cancelled it in July 2020, then I noticed I kept getting emails from amazon audible and thought nothing of it until I checked my credit card account and found they had been charging me for this service since December 2020 and a few more payment transactions in 2021 for a subscription I never signed up for. I have all the emails to show that I cancelled amazon in July 2020 yet how could a company take your details and sign you up to a service that you did NOT authorize! It is illegal.

23.     Linoel L. wrote on November 3, 2020:

I've never used audible, never logged in, never bought anything from them. I did the Amazon Prime free trial tho, and for some reason these guys charged my credit card $16.18. STAY AWAY

24.     Michael K. wrote on March 7, 2020:

I do not have an audible account but was charged for a monthly subscription. Audible claimed my credit card was a default backup credit card because my wife had used that credit card for a purchase on Amazon a year ago. Amazon stored my credit card information then provided it to Audible so Audible could charge my card without my authorization or knowledge, seem illegal to me...

25.     Laura P. on March 4, 2020 wrote:

I've had an amazon prime account for years. NEVER ordered, authorized or accepted an audible account. Was charged on Sunday, called, complained and had it refunded. Immediately after refunding, they charged my sons account (his debit card was removed from my account a couple of months ago.) Not only did they charge him, they obviously save debit cards that have been used

CLASS ACTION COMPLAINT
4

(he bought a gift for his girlfriend which is the only reason his card was ever on my account) Investigation opened, they have so many complaints, class action law suits... Amazon needs to quit partnering with them. WATCH YOUR ACCOUNTS CLOSELY.

26. Because Prime members are not clearly informed about their enrollment to Audible or the monthly charges for Audible subscriptions, it can take months before Prime members discover that they have been enrolled, and it can take months for Prime members to stop their unwanted subscription. However, rather than refund the entirety of the unwanted subscription charges, Amazon limits the amount of subscription payments it will refund and/or the time period for which it will refund. As a result, many Prime members are charged for months of Audible subscriptions they did not want and did not use.

### FED. R. CIV. P. 9(b) ALLEGATIONS

27. Rule 9(b) of the Federal Rules of Civil Procedure provided that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

28. **WHO:** Amazon and Audible.

29. **WHAT:** Amazon enrolled its Prime customers in an Audible account without their permission or knowledge. Amazon provided to Audible the customer's credit, debit card, or checking account on file with Amazon without the customer's permission or knowledge. Audible then charged the customer no less than $14.95 per month for a subscription that the customer did not want or use, again without the customer's permission or knowledge.

30. **WHEN:** May 13, 2018 to time of judgment.

31. **WHERE:** Amazon's website or app.

32. **HOW:** Amazon has Prime member's credit cards, debit cards, or checking accounts on file in the member's digital "Wallet." One payment method must be selected as the member's "default" payment method, and that default method allows members to be charged for any digital purchases, including Audible subscriptions.

CLASS ACTION COMPLAINT
5

33.     **WHY:** Defendants profited by the conduct described above by charging consumers no less than $14.95 per month for a subscription that the customer did not want or use.

### CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action as a class action pursuant to section Rule 23 of the Federal Rules of Civil Procedure. On all claims, Plaintiff brings this action on behalf of:

> All persons in California who were charged for Audible services from May 13, 2018 to the date of judgment and who did not stream or download any content from Audible during the subscription period or after the free trial subscription period.

(the "Class")

35.     Excluded from the Class are officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

36.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

37.     This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions. The Class is so numerous that the individual joinder of all of its members is impracticable.

38.     <u>Numerosity.</u> The Class is so numerous that the individual joinder of all of its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is in the tens of thousands and that members of the Class are geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

39.     Common questions of law and fact exist as to all members of the Class, and these

common questions predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

- Whether Defendants' actions in signing up and charging Prime members for a service they did not want, request, or use violated the CLRA and UCL;
- Whether Defendants caused injury to Plaintiff and the class members; and
- What is the scope of injunctive relief that should be imposed against Defendants to prevent such conduct in the future.

40. Plaintiff's claims are typical of those of the Class because, like all members of the Class, she was unknowingly enrolled in and paid for a service she did not want, request or use, and she sustained injury from Defendants' wrongful conduct.

41. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is impracticable. Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

43. This action is maintainable as a class action under the Federal Rules of Civil Procedure 23(b)(2) for injunctive relief because Defendants have acted or refused to act on grounds

generally applicable to the Class, thereby making appropriate final injunctive relief respecting the Class as a whole.

44.  This action is maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3) because the common questions of law and fact identified above, without limitation, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Consumers Legal Remedies Act - Cal. Civ. Code §1750, et seq.)**
**On Behalf of Plaintiff and the Class**

45.  Plaintiff realleges and incorporates by reference the paragraphs stated above in this Class Action Complaint as set forth herein.

46.  This cause of action is brought pursuant to the Cal. Civ. Code §1750, et seq.

47.  Defendants' actions, omissions, practices, and non-disclosures have violated and continue to violate the CLRA, as they extend to transactions that are intended to result, or which have resulted, in the sale of lease of goods or services to consumers.

48.  Plaintiff and other Class Members are "consumers" as that term is defined in Cal. Civ. Code §1761(d).

49.  The Audible service for which Plaintiff and other similarly situated Class members unknowingly were charged are "goods" and/or "services" within the meaning of Cal. Civ. Code § 1761.

50.  By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendants have violated, and continues to violate the following sections of the CLRA:

- Section 1770(a)(5), which prohibits representing that goods or services have characteristics, uses, benefits or ingredients that they do not have;
- Section 1770(a)(14), which prohibits unfair methods of competition and unfair or deceptive acts or practices that represent that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

- Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

51. Plaintiff requests that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780. If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

52. On information and belief, Defendants' actions were willful, wanton, and fraudulent.

53. On March 11, 2022, Plaintiff sent a letter to Amazon pursuant to Cal. Civ. Code §1782 that provided Defendants notice of the misconduct and requested that Defendants cure their misconduct within 30 days (the "CLRA Notice").

54. Defendants have not corrected or remedied the unlawful conduct after receiving the CLRA Notice, and Defendants continue to engage therein.

55. In addition to injunctive relief, Plaintiff seeks damages for Defendants' violation of the CLRA.

**SECOND CAUSE OF ACTION**
**(Unfair and Unlawful Business Acts and Practices,**
**In Violation of the Unfair Competition Law, CAL. BUS. & PROF. CODE 17200 *et seq*.)**
**On Behalf of Plaintiff and the Class**

56. Plaintiff realleges and incorporates by reference the paragraphs stated above in this Class Action Complaint as set forth herein.

57. California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

58. The actions, omissions, misrepresentations, practices, and non-disclosures of Defendants, as alleged herein, constitute unfair and fraudulent business practices. They are also constitute "unlawful" business acts and practices in that they violate the CLRA (as described above) and the ARL (as detailed below).

59. Defendants' Audible services constitute a "continuous service" under the ARL. *See* Cal. Bus. & Prof. Code § 17601(e).

60. The ARL provides:

(a) It shall be unlawful for any business to make an automatic renewal offer or continuous service offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchase agreement is fulfilled. . .;

(2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time;

(3) Fail to provide an acknowledgement that included the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. . . .

Cal. Bus. & Prof. Code § 17602.

61. Defendant's conduct violates each provision of the ARL, specifically,

Defendants failed to disclose to Plaintiff and the Class members, in a clear and conspicuous manner, that Plaintiff and the Class members would be signed up for Audible, and that they would be charged per month *ad infinitum*.

Defendants charged Plaintiff and the Class members per month on their Amazon Prime digital "Wallet" for Audible services without first obtaining consumers' affirmative consent and agreement to the terms. Plaintiff and the Class members were unaware that they were being charged.

Defendants failed to provide an acknowledgement to Plaintiff and the Class members that included Audible's terms, cancellation policy, and information regarding how to cancel the Audible account.

62. As a result, Plaintiff and the Class members expended money they would not have otherwise spent had they been aware they were being subscribed to Audible's services, going to be charged for Audible services, and that those charges were ongoing.

63. In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through unlawful acts

1  and practices and to commence corrective action. Plaintiff also seeks an order for the restitution of
2  all monies that were unjustly acquired by Defendants through unlawful acts and practices.

3      64.    Plaintiff lacks an adequate remedy at law because the ARL does not contain a
4  private right of action, and therefore Plaintiff and the Class members' sole recourse for
5  Defendant's violation of the ARL is a claim via the UCL, which does not provide for damages. In
6  addition, Plaintiff lacks an adequate remedy at law for future harm.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment as follows:

- Certification of the Class, certifying Plaintiff as representative of the Class and designating their counsel as counsel for the Class;
- A declaration that Defendants have committed the violations alleged herein;
- For injunctive relief pursuant to the UCL and CLRA;
- Restitution pursuant to the UCL;
- For damages pursuant to the CLRA;
- For punitive damages;
- For interest at the legal rate on the foregoing sums;
- For attorneys' fees;
- For costs of suit incurred; and
- For such further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Date: August 26, 2022

Respectfully submitted,

**REESE LLP**

By: /s/ Michael R. Reese

Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiff and the Proposed Class*