UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HECK,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-03986-JSW<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 37 |

Now before the Court for consideration is the motion to stay discovery filed by Defendants Amazon.com, Inc. and Audible, Inc. (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for November 18, 2022. For the following reasons, the Court GRANTS Defendants' motion.

## BACKGROUND

Plaintiff Julia Heck ("Plaintiff") filed the original complaint in this action on May 16, 2022 in Humboldt County Superior Court. (Dkt. No. 1.) Amazon removed the complaint to federal court on July 7, 2022 and subsequently moved to dismiss the original complaint. (*See* Dkt. Nos. 1, 19.) In response to Amazon's original motion to dismiss, Plaintiff filed a first amended complaint ("FAC"). (Dkt. No. 21.) In the FAC, Plaintiff alleges that she agreed through her Amazon Prime account to a "No-Rush Shipping Program," through which she received digital credits for purchases from Amazon. Plaintiff alleges that instead of providing her with free credits, Amazon enrolled her in Audible without her knowledge or consent. Based on this conduct, Plaintiff alleges violations of California's Consumer Legal Remedies Act and Unfair Competition Law.

1   Defendants have moved to dismiss for failure to state a claim, and they move to stay discovery
2   pending resolution of that motion. (*See* Dkt. Nos. 36, 37.)

## ANALYSIS

Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(B). The Court has discretion to stay discovery pending the resolution of dispositive motions and motions to dismiss. *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted).

In determining whether to grant a protective order to stay discovery pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the pending dispositive motion can be decided absent additional discovery. *The Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); *see also In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). If the two above questions are answered affirmatively, the court may issue a protective order. *Pac. Lumber Co.*, 220 F.R.D. at 352. "However, if either prong of this test is not established, discovery proceeds." *Id.*

Defendants move to dismiss for failure to state a claim for which relief can be granted. Defendants assert that the motion to dismiss would be potentially dispositive of the entire case and

2

1    identify several purported deficiencies in Plaintiff's pleading that would render the complaint
2    subject to dismissal in its entirety.
3        Plaintiff does not meaningfully engage with the substance of Defendants' arguments
4    regarding the deficiency of the allegations in the complaint. Instead, Plaintiff argues Defendants
5    have failed to show that the motion to dismiss would be potentially case dispositive because the
6    allegations, if dismissed, could be cured through amendment. However, the fact that Plaintiff
7    could possibly remedy any deficient allegations with leave to amend is not germane to the
8    question before the Court on a motion to stay discovery: whether Defendants' motion is
9    *potentially* dispositive of the entire case." *Pac. Lumber Co.*, 220 F.R.D. at 351 (emphasis added).
10   The Court expresses no opinion on the merits of the motion to dismiss. However, after a
11   preliminary review of the and Plaintiff's opposition, the Court finds Defendants' arguments are
12   potentially dispositive of the entire case and concludes that Defendants have satisfied the first
13   prong of the test.
14       Defendants argue the second prong is met because the Court can resolve the motion to
15   dismiss on the pleadings without discovery. Plaintiff does not dispute that the Court can decide
16   the pending motion to dismiss without discovery. The Court finds no discovery is needed for
17   resolution of Defendants' motion to dismiss, and thus concludes that Defendants have met their
18   burden under the second prong of the test.
19       The Court also finds Plaintiff would not be prejudiced by a stay of discovery pending a
20   ruling on Defendants' motion to dismiss. The Court has not yet entered a scheduling order and
21   has continued the case management conference pending resolution of the motion to dismiss.
22   Thus, Plaintiff will not suffer harm if the Court stays discovery briefly.
23       //
24       //
25       //
26       //
27       //
28       //

1  The Court therefore finds that Defendants have met their burden to show a stay of
2  discovery is warranted. Defendants' motion to stay discovery until the pending motion to dismiss
3  is resolved is GRANTED.

**IT IS SO ORDERED.**

Dated: November 1, 2022

_____
JEFFREY S. WHITE
United States District Judge