**REESE LLP**
Sue J. Nam (California State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (California State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade (California State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JULIA HECK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC, and AUDIBLE, INC.<br><br>Defendants. | Case No. 4:22-cv-03986-JSW<br><br>**SECOND AMENDED COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Julia Heck ("Plaintiff"), on behalf of herself and others similarly situated, bring this Second Amended Complaint against defendants Amazon.com, Inc. ("Amazon") and Audible, Inc. ("Audible") (collectively, "Defendants"). On the basis of personal knowledge, information and belief, and investigation of counsel, Plaintiff alleges as follows:

## INTRODUCTION

1. Amazon is a vast internet-based enterprise that provides goods and services with respect to e-commerce, logistics, payment, hardware, data storage, and media, among other businesses.

2. According to Amazon, its Prime membership confers many shipping, shopping, streaming, reading, and other benefits. Amazon Prime membership costs approximately $119 per year. *See* https://www.amazon.com/amazonprime.

3. Audible is a wholly owned subsidiary of Amazon. It provides downloadable and streaming audio content for a monthly fee. Amazon promotes Audible on its Amazon website, app, and on its Kindle platforms.

4. Defendants target Prime members for enrollment in Audible through a process that is likely to deceive reasonable consumers.

5. Although there may be multiple ways that Amazon tricked its Prime members into paying for an unwanted Audible membership, one way was by Amazon offering "FREE No-Rush Shipping" in exchange for a "digital reward." *See* Exhibit 1 (No-Rush Shipping Details page from Feb. 25, 2021). Unbeknownst to Prime members, that "digital reward" was enrollment in a 30-day "free" trial membership with Audible. Amazon passed to Audible the personal information of Prime members who agreed to accept a "digital reward" in exchange for delayed shipping. Audible then enrolled them in a trial membership that, without affirmative cancellation, automatically became a paid membership with a monthly fee. Defendants charged the monthly subscription fee through the credit cards, debit cards, or personal checking accounts on file with Amazon in the Prime members' "Wallet."

6. Defendants made it exceedingly difficult for Prime members to discover and/or cancel an Audible membership. Defendants also limited refunds of continuous, monthly charges

for an Audible membership. As a result, many Prime members paid fees for Audible services that they never asked for and never used.

7. Defendants' misconduct constitutes violations of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code **§** 1750 *et seq.*; violations of California's Auto-Renewal Law ("ARL"); and violations of California's Unfair Competition Law ("UCL").

8. Plaintiff brings this class action on behalf of herself and all others similarly situated to stop Defendants from continuing their deceptive practices and to recover either damages or, in the alternative, restitution of unlawful charges.

## JURISDICTION

9. This Court has jurisdiction over this action because Amazon filed a Notice of Removal pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). ECF No. 1.

## PARTIES

10. Plaintiff Julia Heck is a citizen of Fortuna, California in Humboldt County.

11. Defendant Amazon is a Delaware corporation with a principal place of business in Seattle, King County, Washington.

12. Defendant Audible is a wholly-owned subsidiary of Amazon. Audible claims it "is the leading creator and provider of premium audio storytelling" and "the largest producer of audiobooks in the world." *See* https://www.audible.com/about. Audible is headquartered in Newark, New Jersey.

13. During the relevant statutes of limitations, Plaintiff purchased a Prime membership within this District for her personal use and she was subscribed to Audible through her Prime membership.

## SUBSTANTIVE ALLEGATIONS

14. One of the benefits of Prime Membership is free 2-day shipping on many items. However, Amazon also offers "FREE No-Rush Shipping." Under this program, Prime members can "[e]arn a digital reward" because "No-Rush Shipping helps [Amazon] prioritize [its] fastest deliveries for customers with urgent needs." *See* Exhibit 1.

15. Amazon never makes known to consumers that by selecting the "FREE No-Rush

Shipping" option, the "digital reward" they "earn" is a trial membership to Audible. When a Prime member accepts the "digital reward," Amazon sends the Prime members' personal information to Audible, including the information in the members' digital Wallet, so that Audible can use that information to enroll Prime members in a 30-day free membership to Audible's services. That trial membership automatically converts to a paid subscription, unless cancelled within the free trial period. Audible then charges the unwitting member a monthly fee for its services through the payment methods on file with Amazon.

16. Many Prime members have no idea that Amazon has enrolled them in a paid subscription to Audible until they later see the monthly charges on their credit card, debit card, or checking accounts stored in their Amazon Wallet.

17. Inadvertent Audible membership is not adequately disclosed to the Prime members. For example, Prime members do not receive conspicuous written materials from Amazon and/or Audible confirming enrollment or notifying of monthly charges. Charges also are identified on credit card or bank statements as originating from Amazon, not Audible. In other instances, Prime members unsubscribe to Audible, yet continue to be charged across the various payment methods in the Prime members' Wallet.

18. There have been thousands of complaints about this deceptive practice.

19. On Amazon's forum, Patricia G. stated:

> I was charged $14.95 audible charge to my checking account. It is called a gold membership order number. I have never authorized this charge, plus I never signed up for this membership plus the address is incorrect.
>
> You tried to charge me before on a credit card and I finally had all cancelled and removed then I removed the card it was charged on
>
> Now you went to my checking account and charged me $14.95 I have never signed up for this membership and the order number. Please cancel this order and remove me permanently from this membership I have since wiped and removed all my credit cards and banking accounts from this system. This is the second time this has been done. I gave no authorization for a, one time click payment, for my accounts to be charged
>
> Please respond Thank you

https://www.amazonforum.com/s/question/0D54P00007Ph1BJ/i-have-a-question-about-an-audible-charge-on-my-account)

SECOND AMENDED COMPLAINT
CASE NO. 4:22-CV-03986-JSW
3

20. On Reddit, there are numerous postings about this improper practice, including:

> I renewed my prime with a trial because I let it go for awhile to save some money. A few days later audible is charging me 16.99... I didn't sign back up for audible or anything. Is this something automatic when you sign up prime?

21. The following post is also on Reddit:

> I have never signed up or even been to their website but had a withdraw from my bank account for a month of audible. I called audible and my bank, they returned my money in 3 days. I don't know how they got my card numbers but I let it go and forgot all about it. My Mother in law called me today and she is also being charged monthly for a subscription to audible that she has never heard of. I'm just curious if anyone else has this issue. When I googled it I found that this is common for this company to do. I would just like to know how they manage to get my card information, wish and Amazon are the only places that have my card info.

22. On Sitejabber, a leading online destination for customer ratings and reviews of businesses, there are hundreds of reviews warning consumers about Audible's unauthorized charges.

23. Jane P. wrote on March 13, 2021:

> I had an account on amazon prime to watch movies and cancelled it in July 2020, then I noticed I kept getting emails from amazon audible and thought nothing of it until I checked my credit card account and found they had been charging me for this service since December 2020 and a few more payment transactions in 2021 for a subscription I never signed up for. I have all the emails to show that I cancelled amazon in July 2020 yet how could a company take your details and sign you up to a service that you did NOT authorize! It is illegal.

24. Linoel L. wrote on November 3, 2020:

> I've never used audible, never logged in, never bought anything from them. I did the Amazon Prime free trial tho, and for some reason these guys charged my credit card $16.18. STAY AWAY

25. Michael K. wrote on March 7, 2020:

> I do not have an audible account but was charged for a monthly subscription. Audible claimed my credit card was a default backup credit card because my wife had used that credit card for a purchase on Amazon a year ago. Amazon stored my credit card information then provided it to Audible so Audible could charge my card without my authorization or knowledge, seem illegal to me...

26. Laura P. on March 4, 2020 wrote:

> I've had an amazon prime account for years. NEVER ordered, authorized or accepted an audible account. Was charged on Sunday, called, complained and had it refunded. Immediately after refunding, they charged my sons account

(his debit card was removed from my account a couple of months ago.) Not only did they charge him, they obviously save debit cards that have been used (he bought a gift for his girlfriend which is the only reason his card was ever on my account) Investigation opened, they have so many complaints, class action law suits... Amazon needs to quit partnering with them. WATCH YOUR ACCOUNTS CLOSELY.

27. There are hundreds of complaints to the Better Business Bureau about Audible's unauthorized subscription and charges. *See* https://www.bbb.org/us/nj/newark/profile/digital-media/audible-0221-7000151/complaints. The following are just some of the complaints initiated in 2022 alone:

28. On October 24, 2022, the following complaint was lodged:

> My bank account continues to be charged for Audible even though I have never signed up for the service. Because we didnt sign up, we can provide none of the information Audible **************** asks for, so they say they cannot cancel the subscription. They want us to give them the email address to whomever has signed up using our bank information. None of our emails are recognized as the email linked to this mysterious account. They suggested we cancel our card, which we have done no fewer than three time, and we just got billed again for the service. We do not know what to do to stop this subscription we never signed up for. We cannot afford any extra charges to our account.

29. On October 17, 2022, the following complaint was lodged:

> Audible has been charging a subscription fee to a credit card connected to our Amazon Prime account since November 2021. This is the third time since 2014 that we've caught a subscription started and charged without our knowledge. The company was not able to offer me an explanation as to how they claim the subscription was started. While they immediately refunded all of the fees charged in the past 12 months, I'm still concerned about the company practices in absence of an explanation as to how the subscription was begun.

30. On May 23, 2022, the following complaint was lodged:

> I received my credit card account statement today May 23.There is a May 02 charge on it for ****** from Audible Amzn.com/**** **.I do not have an Audible membership and have not ordered anything from Audible.Audible is associated with Amazon so I called Amazon and they have promised to refund my credit card.

31. On March 24, 2022, the following complaint was lodged:

> I have been paying about $15 per month for years for an Audible membership I do not remember signing up for. My husband and I use the same credit card and I thought it was something he had subscribed to. I found out at toward the end of **** that he had not subscribed! I never recall signing up and absolutely had never used it. I went onto Amazon's website and cancelled, but it said I should use the credits I had earned before I cancelled. I picked out some things and thought I did everything right to cancel. I discovered yesterday they never cancelled me! They have still been charging me a monthly fee! Shame on me

>for not looking at every line item on my credit card. Today I cancelled for sure, and did not opt to "use the credits I have earned before canceling" for fear that I would again NOT BE CANCELLED! I checked email to be sure I got an email saying I had cancelled. I did, indeed, get that email. Then I searched on that email address to see when it was that I had cancelled (it looks like Nov or Dec of 2020). THEN, I kept scrolling down and it goes all the way back to 2011! I can't believe it! I am furious. Somehow, I was signed up for Audible in 2011, and have been paying about $15 a month since then! I consider it deceptive business practice to do this. I would like a refund or at least an Amazon gift card to make good on this. Even if I round down to 10 years and 0 months since this all started, at $15 a month, that's $1,800.

32. On March 10, 2022, the following complaint was lodged:

>I realized that I am being charged monthly for a service I have never signed up for on Audible.com. I think I may have signed up for a trial over FIVE YEARS ago-- the charges are the last four months. I called the company and was told my address didn't match a billing address they had for me, and that there was nothing they could do unless I could provide that address. This is completely absurd. Audible is guilty of fraud. I am looking for these charges to be stopped and my card refunded.

33. On January 25, 2022, the following complaint was lodged:

>My complaint regards a company called Audible. I happened to be looking at my Amazon subscriptions yesterday when I noticed I was being billed for this service. I guess Im remiss in not scrutinizing my monthly Chase-*********** statements more closely but I use the card almost exclusively for Amazon purchases. It looks like Ive been billed $14.95 a month for this service since May 2021. I dont recall ever signing up for even a free trial. Ive never used the service. Ive never listened to an audiobook. I recall Amazon notifying me periodically that I had Audible credits available but assumed they were a freebie for buying so much stuff. I immediately unsubscribed from the service once I discovered it but would appreciate reimbursement for what I consider to be fraudulent charges. I can scan and attach all my monthly credit card statements if needed but the charges should be easy enough to verify through the company, ********** or Amazon.

34. Because Prime members are not clearly informed about their enrollment to Audible or the monthly charges for Audible subscriptions, it can take months before Prime members discover that they have been enrolled, and it can take months for Prime members to stop their unwanted subscription. However, rather than refund the entirety of the unwanted subscription charges, Defendants limit the amount of subscription payments it will refund or the time period for which it will refund, and/or require information that is difficult to provide. As a result, many Prime members are charged for months of Audible subscriptions they did not want and did not use.

35. Had Plaintiff or other members of the Class known that by selecting the "FREE

No-Rush Shipping" they would be enrolled in an Audible membership, they would have either: 1) not selected the "FREE No-Rush Shipping" option; and/or 2) taken steps to cancel the Audible membership before they were charged for it. As a result of Defendants' failure to inform Plaintiff and the Class members that by selecting the "FREE No-Rush Shipping" they would be enrolled in an Audible membership, Plaintiff and the class members were charged for Audible subscriptions they did not want, know about, use, or authorize.

**Plaintiff's Experience**

36. On or about June 29, 2017, Ms. Heck became an Amazon Prime member. In confirming her membership, Amazon sent to Ms. Heck an email detailing many of the benefits to her membership. One of those benefits was "access to . . . original audio series from Audible." *See* Exhibit 2.

37. During the checkout process for many of Ms. Heck's purchases on Amazon through her Prime account, Ms. Heck was presented with the following option:

> FREE No-Rush Shipping. Get a $1 reward for select digital purchases. One reward per purchase. Details.

*See* Exhibit 3. Although Ms. Heck did not capture an image of the screen at the time of her prior purchases—as she did not anticipate litigating over the matter—the screenshots in Exhibit 3 are substantially similar to the language as it was presented to her at that time.

38. On information and belief, the word "Details" was linked to Amazon's page providing details on the "FREE No-Rush Shipping" program. That page made no mention that, by selecting the "FREE No-Rush Shipping" option, a customer would be enrolled in an Audible membership. *See* Exhibit 1 (No-Rush Shipping Details page from Feb. 25, 2021).

39. On March 1, 2021, Ms. Heck purchased three items from Amazon. The credit card used to purchase the items was Ms. Heck's American Express credit card on file in her Amazon Wallet. *See* Exhibit 4.

40. Ms. Heck selected the "FREE No-Rush Shipping" option with respect to her March 1, 2021 purchases.

41. That same day, without her knowledge or permission, Ms. Heck was enrolled in a

30-day free Audible trial, after which she would be charged $14.95 per month. *See* Exhibit 5 (screenshot from Ms. Heck's Audible app stating "Thanks for being a listener since: 03-01-2021").

42. The card connected with this unauthorized Audible account was the same American Express credit card that she used for her "FREE-No-Rush Shipping" purchases, which was stored in her Amazon digital Wallet. *See* Exhibit 6 (screenshots of Ms. Heck's Audible account membership information, listing the "Payment method" and payments for the Audible membership).

43. Upon selecting the "FREE No-Rush Shipping" option in order to receive a "digital reward," Amazon provided Ms. Heck's information to Audible who then enrolled her in a "free" trial membership without her knowledge or permission.

44. After the 30 day trial period, to which Ms. Heck was unknowingly subscribed, Ms. Heck was charged $14.95 per month starting on April 1, 2021 and continuing on the first of every month until July 1, 2021. Ms. Heck was charged $14.95 per month for her unknown, unwanted, and unauthorized Audible membership for a total of $59.80. *See* Exhibit 6.

45. Because Ms. Heck was not provided clear and conspicuous notice that she had been enrolled in an Audible membership, she was unaware that she was required to take steps to cancel the membership prior to April 1, 2021 or would be charged for the unknown, unwanted, and unauthorized Audible subscription.

46. Ms. Heck's Amazon Prime account and the subscription to the unwanted Audible membership are connected to each other. Ms. Heck could access her Audible subscription using the same login information as her Prime account. Ms. Heck could access her "Prime Membership Settings" from her Audible subscription membership page. *See* Exhibit 6. She was enrolled in a 30-day "free" trial membership to Audible on the same day she elected to receive a "digital reward" for agreeing to "FREE No-Rush Shipping." The same credit card on file with Amazon was used to charge her for the Audible subscription after the trial membership period. *See* Exhibits 4 and 6.

47. Plaintiff was never informed that by agreeing to receive a "digital reward" by selecting the "FREE No-Rush Shipping" option on her Amazon Prime purchases, that she would be enrolled in an Audible membership. She did not want to be enrolled in an Audible account. She

1  never authorized Audible to enroll her in an Audible membership, either as a "free" trial or as a
2  paid subscription. She was unaware that she was enrolled in an Audible membership until July 22,
3  2021, after which she immediately notified Audible and cancelled the membership. Because
4  Plaintiff was unaware that she had been surreptitiously enrolled in an Audible membership, she
5  ignored all emails sent to her by Audible, believing them to be marketing spam.

6        48.    Had Defendants informed Plaintiff that by selecting the "FREE No-Rush Shipping"
7  option on her Amazon Prime purchases, she would be enrolled in an Audible membership, she
8  would have either: 1) not selected the "FREE No-Rush Shipping" option; and/or 2) taken steps to
9  cancel the Audible membership before she was charged for it. As a direct result of Defendants
10 actions, Plaintiff was charged a fee of $14.95 per month, for a total of $59.80.

## FED. R. CIV. P. 9(b) ALLEGATIONS

12       49.    Rule 9(b) of the Federal Rules of Civil Procedure provided that "[i]n alleging fraud
13 or mistake, a party must state with particularity the circumstances constituting fraud or mistake."
14 To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the
15 requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

16       50.    **WHO:** Amazon and Audible.

17       51.    **WHAT:** Amazon offered Prime members "FREE No-Rush Shipping," through
18 which Amazon offered a digital reward in exchange for delayed delivery of an order placed
19 through Amazon Prime. Unbeknownst to Prime members, Amazon then used their agreement to
20 "FREE No-Rush Shipping" to pass their personal information—including credit card
21 information on file in Prime members' digital Wallets—to Audible who then enrolled Prime
22 members in a membership to Audible's services. After the 30-day trial period, Audible charged
23 a monthly fee for a paid subscription to its services that the customer neither asked for nor used.

24       52.    Defendants omitted material facts about the transactions in question. Amazon
25 stated that in exchange for selecting "FREE No-Rush Shipping," Plaintiff and the Class members
26 would "[e]arn a digital reward" and "receive a reward toward e-books, digital movies, and music"
27 and receive a "reward for select digital purchases." *See* Exhibits 1 and 3. These statements gave
28 rise to Amazon's duty to disclose that, in addition to receiving those "rewards" for selecting "FREE

SECOND AMENDED COMPLAINT
CASE NO. 4:22-CV-03986-JSW
9

No-Rush Shipping," Amazon would pass along the customer's information—including payment information—to Audible and that Audible would then enroll the customer into a membership for Audible's subscription services.

53. Amazon had a duty to disclose this information because it had exclusive knowledge that it would pass along the customers' information—including payment information—to Audible when its Prime customers agreed to "FREE No-Rush Shipping."

54. Both Amazon and Audible actively concealed material information regarding Prime members' enrollment into Audible's subscription services:

- Amazon, with whom Prime members had a direct relationship, never communicated to Plaintiff or other Class members in any clear and conspicuous manner that they would be enrolled in Audible's subscription services or provided any information to Plaintiff and other Class members about Audible's terms, cancellation policy, and information regarding how to cancel the Audible membership.

- Plaintiff and the Class members were not made aware that they had been enrolled in Audible's services or that there were any connections between their purchases through their Amazon Prime account and an enrollment in Audible's services.

- The charges for the Audible subscription was made on cards and/or bank accounts on file with Amazon and statements for these cards and/or bank accounts identified only Amazon as the payee and did not indicate that the charges were for Audible's subscription services.

- Audible charged the cards and/or bank accounts on file with Amazon on a monthly basis without providing clear and conspicuous notice of the recurring charge and obtaining the affirmative consent and agreement from Plaintiff and other Class members prior to charging them.

55. Because Defendants failed to adequately disclose to Plaintiff and other Class members that they would be enrolled in Audible's subscription services by agreeing to "FREE No-Rush Shipping" through their Amazon Prime membership, Plaintiff and other Class members did

not take actions to cancel the unknown, unwanted, and unauthorized membership to Audible's subscription services. If the omitted information had been available to Plaintiff and the Class Members, they would have been aware of it and behaved differently, *i.e.*, they would have either 1) not selected the "FREE No-Rush Shipping" option; and/or 2) taken steps to cancel the Audible membership before they were charged for it.

56.  As a direct result of Defendants' material omissions, Plaintiff and the Class members were charged monthly fees for subscription to Audible's services they did not know about, did not want, and did not authorize.

57.  **WHEN:** May 13, 2018 to time of judgment.

58.  **WHERE:** Amazon's website or app.

59.  **HOW:** Amazon has Prime member's personal information, including credit cards, debit cards, or checking accounts, on file. Amazon passed that information onto Audible, knowing Audible would use that information to enroll Prime members in an Audible membership.

60.  **WHY:** Defendants profited by the conduct described above by charging Amazon Prime members no less than $14.95 per month for a subscription that they did not want, know about, authorize, or use.

## **CLASS ACTION ALLEGATIONS**

61.  Plaintiff brings this action as a class action pursuant to section Rule 23 of the Federal Rules of Civil Procedure. On all claims, Plaintiff brings this action on behalf of:

> All persons in California who were charged for Audible services from May 13, 2018 to the date of judgment and who did not stream or download any content from Audible during the subscription period or after the free trial subscription period.

(the "Class")

62.  Excluded from the Class are officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

63.  Certification of Plaintiff's claims for class-wide treatment is appropriate because

1  Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as
2  individual Class members would use to prove those elements in individual actions alleging the
3  same claims.

4  64.  This action is brought and may properly be maintained as a class action pursuant to
5  Federal Rule of Civil Procedure 23. This action satisfies the numerosity, typicality, adequacy,
6  predominance, and superiority requirements of those provisions. The Class is so numerous that the
7  individual joinder of all of its members is impracticable.

8  65.  <u>Numerosity.</u> The Class is so numerous that the individual joinder of all of its
9  members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes
10 that the total number of Class members is in the tens of thousands and that members of the Class
11 are geographically dispersed across California. While the exact number and identities of the Class
12 members are unknown at this time, such information can be ascertained through appropriate
13 investigation and discovery.

14 66.  Common questions of law and fact exist as to all members of the Class, and these
15 common questions predominate over any questions affecting only individual members of the
16 Class. These common legal and factual questions, which do not vary from Class member to Class
17 member, and which may be determined without reference to the individual circumstances of any
18 Class member include, but are not limited to, the following:

- Whether Defendants' actions and material omissions in signing up and charging Prime members for a service they did not want, request, or use violated the CLRA and UCL;
- Whether Defendants caused injury to Plaintiff and the Class members; and
- What is the scope of injunctive relief that should be imposed against Defendants to prevent such conduct in the future.

25 67.  Plaintiff's claims are typical of those of the Class because, like all members of the
26 Class, she was unknowingly enrolled in and paid for a service she did not want, request, or use,
27 and she sustained injury from Defendants' wrongful conduct.

28 68.  Plaintiff will fairly and adequately protect the interests of the Class and has retained

1  counsel who are experienced in litigating complex class actions. Plaintiff has no interests that
2  conflict with those of the Class.

3      69.    A class action is superior to other available methods for the fair and efficient
4  adjudication of this controversy. Individual joinder of all members of the Class is impracticable.
5  Even if individual members of the Class had the resources to pursue individual litigation, it would
6  be unduly burdensome to the courts in which the individual litigation would proceed. Individual
7  litigation magnifies the delay and expense to all parties in the court system of resolving the
8  controversies engendered by Defendants' common course of conduct. The class action device
9  allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair
10 and efficient handling of all Class members' claims in a single forum. The conduct of this action
11 as a class action conserves the resources of the parties and of the judicial system and protects the
12 rights of the Class. Furthermore, for many, if not most, a class action is the only feasible
13 mechanism that allows an opportunity for legal redress and justice.

14     70.    This action is maintainable as a class action under the Federal Rules of Civil
15 Procedure 23(b)(2) for injunctive relief because Defendants have acted or refused to act on grounds
16 generally applicable to the Class, thereby making appropriate final injunctive relief respecting the
17 Class as a whole.

18     71.    This action is maintainable as a class action under Federal Rules of Civil Procedure
19 23(b)(3) because the common questions of law and fact identified above, without limitation,
20 predominate over any questions affecting only individual members, and a class action is superior
21 to other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Consumers Legal Remedies Act - Cal. Civ. Code §1750, et seq.)**
**On Behalf of Plaintiff and the Class**

25     72.    Plaintiff realleges and incorporates by reference the paragraphs stated above in this
26 Second Amended Complaint as set forth herein.

27     73.    This cause of action is brought pursuant to the Cal. Civ. Code §1750, et seq.

28     74.    Defendants' actions, omissions, practices, and non-disclosures have violated and

continue to violate the CLRA, as they extend to transactions that are intended to result, or which have resulted, in the sale of services to consumers.

75. Plaintiff and other Class Members are "consumers" as that term is defined in Cal. Civ. Code §1761(d).

76. The Audible service for which Plaintiff and other similarly situated Class members unknowingly were charged are "services" within the meaning of Cal. Civ. Code § 1761.

77. By engaging in the actions, misrepresentations, omissions, and misconduct set forth in this Second Amended Complaint, Defendants have violated, and continues to violate the following sections of the CLRA:

- Section 1770(a)(5), which prohibits representing that goods or services have characteristics, uses, benefits or ingredients that they do not have;

- Section 1770(a)(14), which prohibits unfair methods of competition and unfair or deceptive acts or practices that represent that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

- Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

78. Plaintiff requests that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780. If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

79. On information and belief, Defendants' actions were willful, wanton, and fraudulent.

80. On December 19, 2022, Plaintiff sent letters to Amazon and Audible pursuant to Cal. Civ. Code §1782, which provided Defendants notice of the misconduct and requested that Defendants cure their misconduct within 30 days (the "CLRA Notice").

81. Defendants have not corrected or remedied the unlawful conduct after receiving the CLRA Notice, and Defendants continue to engage therein.

82. In addition to injunctive relief, Plaintiff seeks damages for Defendants' violation of the CLRA.

**SECOND CAUSE OF ACTION**
**(Unfair and Unlawful Business Acts and Practices,**
**In Violation of the Unfair Competition Law, CAL. BUS. & PROF. CODE 17200 *et seq*.)**
**On Behalf of Plaintiff and the Class**

83. Plaintiff realleges and incorporates by reference the paragraphs stated above in this Second Amended Complaint as set forth herein.

84. California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

85. The actions, omissions, misrepresentations, practices, and non-disclosures of Defendants, as alleged herein, constitute unfair and fraudulent business practices. They are also constitute "unlawful" business acts and practices in that they violate the CLRA (as described above) and the ARL (as detailed below).

86. Defendants' Audible services constitute a "continuous service" under the ARL. *See* Cal. Bus. & Prof. Code § 17601(e).

87. The ARL provides:

> (a) It shall be unlawful for any business to make an automatic renewal offer or continuous service offer to a consumer in this state to do any of the following:
>
> (1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchase agreement is fulfilled. . .;
>
> (2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time;
>
> (3) Fail to provide an acknowledgement that included the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. . . .

1  Cal. Bus. & Prof. Code § 17602.

2      88.    Defendant's conduct violates each provision of the ARL, specifically:

- Defendants failed to disclose to Plaintiff and the Class members, in a clear and conspicuous manner, that Plaintiff and the Class members would be signed up for Audible's services and that they would be charged per month ad infinitum.

- Defendants charged Plaintiff and the Class members per month through their Amazon Prime digital Wallets for Audible services without first obtaining consumers' affirmative consent and agreement to the terms. Plaintiff and the Class members were unaware that they were being charged.

- Defendants failed to provide an acknowledgement to Plaintiff and the Class members that included Audible's terms, cancellation policy, and information regarding how to cancel the Audible membership.

    89.    As a result, Plaintiff and the Class members expended money they would not have otherwise spent had they been aware they were being subscribed to Audible's services, going to be charged for Audible services, and that those charges were ongoing.

    90.    In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through unlawful acts and practices and to commence corrective action. Plaintiff also seeks an order for the restitution of all monies that were unjustly acquired by Defendants through unlawful acts and practices.

    91.    Plaintiff lacks an adequate remedy at law because the ARL does not contain a private right of action, and therefore Plaintiff and the Class members' sole recourse for Defendant's violation of the ARL is a claim via the UCL, which does not provide for damages. In addition, Plaintiff lacks an adequate remedy at law for future harm.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment as follows:

- Certification of the Class, certifying Plaintiff as representative of the Class and designating their counsel as counsel for the Class;
- Declaration that Defendants have committed the violations alleged herein;
- Injunctive relief pursuant to the UCL and CLRA;
- Restitution pursuant to the UCL;
- Damages pursuant to the CLRA;
- Punitive damages;
- Interest at the legal rate on the foregoing sums;
- Attorneys' fees;
- Costs of suit incurred; and
- Such further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Date: January 19, 2023

Respectfully submitted,

**REESE LLP**

By: */s/ Sue J. Nam*
    Sue J. Nam (State Bar No. 206729)
    *snam@reesellp.com*
    Michael R. Reese (State Bar No. 206773)
    *mreese@reesellp.com*
    100 West 93rd Street, 16th Floor
    New York, New York 10025
    Telephone: (212) 643-0500
    Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiff and the Proposed Class*