UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HECK , Plaintiff, v. AMAZON.COM, INC. AND AUDIBLE, INC. , Defendants. | CASE NO. 2:23-cv-01219-JHC ORDER |

**I**

**INTRODUCTION**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. Dkt. # 54. Plaintiff Julia Heck sues Defendants Amazon.com, Inc. and Audible, Inc. on behalf of herself and similarly situated class members. She alleges that Defendants enrolled her in, and charged her for, an Audible[1] subscription without her knowledge or consent. Dkt. # 49, ¶ 41. She claims that, in doing so, Defendants violated California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a)(5), (a)(14), (a)(16);

[1] Audible is a subscription-based audio content company that describes itself as "the largest producer of audiobooks in the world." Dkt. 49, ¶ 12. It is a wholly owned subsidiary of Amazon. *Id.*

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and California's Automatic Renewal Law ("ARL"), Cal. Bus. & Prof. Code § 17602(a)(1)–(3). Dkt. # 49, ¶ 7. For the reasons discussed below, the Court GRANTS the motion in part and DENIES it in part.

## II

## BACKGROUND

The Northern District of California dismissed Plaintiff's First Amended Complaint (FAC) with leave to amend. Dkt. # 48. That court concluded that (1) the contents of Plaintiff's notice letter did not comply with the CLRA; (2) Plaintiff failed to allege an actionable misrepresentation or omission under the CLRA; (3) Plaintiff failed to state a claim under the ARL via the unlawful prong of the UCL because she did not allege what statements or disclosures she saw regarding Audible during the signup process. *Id.* at 3, 4, & 8.

Plaintiff then filed her Second Amended Complaint (SAC). Dkt. # 49. Defendants moved to dismiss the SAC for failure to state a claim. Dkt. # 54. The case was then transferred to the Western District of Washington, Dkt. # 64, and the motion is now pending before this Court.

The SAC alleges as follows:

Plaintiff was enrolled in and charged for an Audible subscription without her consent or knowledge. Dkt. # 49, ¶ 44. According to her Amazon account history, on March 1, 2021, she was enrolled in a 30-day free trial for Audible. *Id.* ¶ 41; *Id.* Exhibit 5. She did not purposefully subscribe to the Audible 30-day free trial. *Id.* ¶ 41.

On March 1, 2021, Plaintiff placed three orders from Amazon through her Amazon Prime account. *Id.* ¶ 39. When she checked out, she chose "FREE No-Rush Shipping," which includes "a $1 reward for select digital purchases." *Id.* ¶ 40. The "digital reward" that she earned was the 30-day free trial for Audible. *Id.* ¶ 15. The "trial membership automatically convert[ed] to a paid subscription." *Id.* Because she selected this shipping option, Amazon passed her information to Audible to subscribe her to the service without her consent or knowledge. *Id.* ¶ 43. Because she did not know she was subscribed, she did not cancel her subscription after the 30-day period ended and was charged $14.95 per month for Audible for four months, for a total of $59.80, after which she realized she was subscribed and immediately cancelled the subscription on July 22, 2021. *Id.* ¶¶ 44, 47.

The Audible subscription fee was charged to the credit card that she has on file for her Amazon Prime account, and the information for her Audible subscription could be viewed from her Amazon Prime account. *Id.* ¶ 46.

Defendants move to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6).

## III

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must "accept the plaintiff['s] allegations as true and construe them in the light most favorable to [the plaintiff]." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). But "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial

notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001)).

The heightened pleading standard under Federal Rule of Civil Procedure 9(b) applies when fraud is an essential element of the claim or the claim is "grounded in" fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Rule 9(b) applies to CLRA and UCL claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). The parties agree that the heightened pleading standard applies to all the claims in this case. *See* Dkt. 49 ¶49 (Second Amended Complaint); Dkt. 54 at 1 (Motion to Dismiss).

Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). The complaint "must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *In re Finjan Holdings, Inc.*, 58 F.4th at 1057 (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

"While plaintiffs are generally required to specifically identify the role of each defendant in an alleged fraudulent scheme, courts are willing to relax this [Rule 9(b) pleading] standard in certain situations" when the exact details of the fraudulent conduct are solely within the knowledge of the individual perpetuating the fraud. *Munning v. Gap, Inc.*, No. 16-CV-03804, 2016 WL 6393550, at *3 (N.D. Cal. Oct. 28, 2016) (citing *Moore v. Kayport Package Express*

*Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), and *Sussex Fin. Enters, Inc. v. Bayerische Hypo-Und Vereinsbank AG,* No. 08-cv-4791, 2010 WL 94272, at *3 (N.D. Cal. Jan. 6, 2010)).

This approach tracks the Ninth Circuit's approach to Rule 8(a)'s pleading requirement after *Iqbal* and *Twombly*. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010))) ("[W]e relax pleading requirements where the relevant facts are known only to the defendant." (quoting *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995))).

In seeking dismissal under Rule 12(b)(6), Defendants say that (1) the SAC does not plead a "plausible" theory of the case; (2) Plaintiff did not comply with the CLRA notice requirement; (3) Plaintiff's CLRA claim does not meet Rule 9(b)'s heightened pleading standard because (a) the SAC does not allege sufficient facts connecting Audible to Amazon's alleged misconduct and (b) it does not allege sufficient facts related to the connection between "FREE No-Rush Shipping" and the Audible subscription; (3) the SAC does not sufficiently plead misrepresentation or omission and reliance for the CLRA claim; (5) for the UCL claim, the SAC does not (a) allege sufficient facts to state a claim under the unlawful prong for violating the ARL, and (b) allege causation for her ARL claim.

A. Plausibility

Defendants say that the SAC does not plead sufficient facts to "allege a plausible theory of liability." Dkt. # 54 at 11. They assert that the SAC "asks the Court simply to infer a causal relationship between two events that (supposedly) occurred on the same day." *Id.*; *see also id.* at

n.6 ("There is, in short, no support in the SAC for the notion that the use of 'No-Rush Shipping' on Amazon somehow correlates to enrollment in an Audible membership.").

The facts in a complaint need not be probable, but merely plausible, to be entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678. "'Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). But court need not determine that facts in a complaint are probable for the pleading to survive a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'").

The Northern District of California concluded that in the FAC, "Plaintiff fails to plausibly allege how the 'No-Rush Shipping Program' relates to Audible enrollment. She alleges no facts connecting the 'No-Rush Shipping Program' to Audible enrollment, and thus, she has failed to show that her theory of fraud is plausible." Dkt. # 48 at 5.

However, in the SAC, Plaintiff has pleaded sufficient additional facts about the circumstances by which she became subscribed to Audible and her choice of "FREE No-Rush Shipping" to put Defendants on notice of their particular conduct at issue and render the claims plausible. Plaintiff alleges that she never signed up for Audible, and yet found out that she was subscribed, and her credit card had been charged for four months. Dkt. # 49, ¶ 41, 44, 47. She alleges that her use of "FREE No-Rush Shipping" caused her to be subscribed to Audible. Dkt. # 49, ¶ 43. Taking these allegations as true and viewing them in a light most favorable to Plaintiff, the Court concludes that Plaintiff has alleged sufficient facts to state a plausible claim for relief.

That Plaintiff does not assert the exact mechanics of how Defendants caused her to become an Audible subscriber does make her claim implausible. As noted above, the Ninth Circuit has held that a plaintiff may plead "facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d at 928 (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d at 120). In this case, the exact way that Defendants enrolled Plaintiff in an Audible subscription is "particularly within the possession and control" of Amazon and Audible. *Id.*

Defendants argue that Plaintiff's theory of the case is not plausible because "[a] far more plausible explanation is that Plaintiff (or someone in her household) intentionally enrolled in Audible." Dkt. # 54 at 14. While both alternative are possible, when, as here, "there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible . . . . Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im* plausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Defendant's alternative explanation does not rise to the level of rendering Plaintiff's explanation implausible.[2]

Defendants also argue that this case is similar to *Twombly*, in which the Supreme Court held that the plaintiff's complaint was not plausible because it merely alleged conspiracy based on "parallel conduct."[3] 550 U.S. at 564. In *Twombly*, the plaintiff did not allege any facts about

---

[2] Defendants make much of the fact that Plaintiff included a screen shot from the Audible App in her exhibits, claiming that she must have purposefully downloaded Audible. Plaintiff responds that she downloaded the app after the fact to create the exhibit. This fact issue falls outside the scope of the Rule 12(b)(6) motion before the Court.

[3] "Parallel conduct" is a term of art in antitrust law used to describe conduct such as "competitors adopting similar policies around the same time in response to similar market conditions." *In re Musical*

the relationship between the two actors involved in the parallel conduct. *Id.* at 557. In this case, Plaintiff alleges that Audible is a subsidiary of Amazon and that an Audible subscription can be managed through an Amazon account. Dkt. # 49, ¶ 3. The allegations here go well beyond parallel conduct of two otherwise unrelated companies.

Defendants also argue that Plaintiff's Exhibit 4 shows that she did not use "FREE No-Rush Shipping" on her March 1, 2021, orders because the invoice shows a "shipping speed" of "FREE Prime Delivery." Dkt. # 54 at 13. Defendants say that if she had used "FREE No-Rush Shipping," it would have shown up on the shipping speed portion of invoice. *Id.* The Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), *amended on other grounds,* 275 F.3d 1187 (9th Cir. 2001). But how the shipping speed may show up on an Amazon invoice is far from clear. The exhibit does not unequivocally contradict the fact alleged in the complaint: that Plaintiff chose "FREE No-Rush Shipping" on March 22, 2021. Thus, the Court must accept Plaintiff's version of the facts as true at this point in the proceedings.

B. CLRA Notice Requirement

The CLRA requires that a plaintiff provide notice of a CLRA violation to the defendant "[t]hirty days or more prior to the commencement of an action for damages." Cal. Civ. Code § 1782(a). The notice must alert "the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of

---

*Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1193 (9th Cir. 2015). In *Twombly*, an antitrust case, the Supreme Court held that "mere allegations of parallel conduct—even consciously parallel conduct—are insufficient to state a claim under § 1" of the Sherman Act. *Id.*

Section 1770" and "[d]emand that the person correct, repair, replace, or otherwise rectify the goods and services alleged to be in violation of Section 1770." *Id.* (a)(1)–(2). "The notice [must] be in writing and [must] be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California." *Id.* (a). Defendants argue that Plaintiff's notice letter does not comply with Section 1782(a) because it does not cite the provisions of Section 1770 of the CLRA that Defendants allegedly violated. *See* Dkt. # 54 at 15; *id*. Exhibit 1 (Amazon notice letter); *id.* Exhibit 2 (Audible notice letter).[4]

The CLRA notice provision requires the notice to inform the defendant "of the *particular* alleged violations of Section 1770." Cal. Civ. Code § 1782(a)(1) (emphasis added); *see also Von Grabe v. Sprint PCS,* 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003) ("The letter must identify the particular § 1770 violations that the plaintiff is alleging and demand that the defendant correct those violations."). The purpose of the CLRA notice provision is to "facilitate pre-complaint settlement" by allowing a defendant 30 days to redress the alleged CLRA violation. *Romero v. Flowers Bakeries, LLC,* No. 14-CV-05189, 2015 WL 2125004, at *8 (N.D. Cal. May 6, 2015). Section 1770(a) of the CLRA lists 28 different "proscribed practiced" that the CLRA considers to be "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770(a).

In *Romero*, the court deemed the plaintiff's CLRA notice letter deficient because it "merely sets forth her substantive allegations and invites Defendant to figure out which provisions of the CLRA are applicable. That does not facilitate pre-complaint settlement, nor

[4] Defendants also argue that the notice was defective because, while Plaintiff sent the notice 30 days before filing the SAC, Defendants did not receive the notice until less than 30 days. Dkt. # 54 at 15. The Court need not address this issue because it finds that the content of the notice violates the CLRA.

does it serve to place Defendant on notice of what is required to redress Plaintiff's complaint." No. 14-CV-05189, 2015 WL 2125004, at *8 (N.D. Cal. May 6, 2015).

Here, the notice letter does not meet the CLRA's statutory notice requirement because it does not cite the specific provisions of Section 1770 of the CLRA that Plaintiff alleges that Defendants violated. Dkt. 54, Exhibit 1 (Amazon Notice Letter), Exhibit 2 (Audible Notice Letter). As in *Romero*, the letter does not tell Defendants which provisions of the CLRA they are alleged to have violated.

The Court dismisses the CLRA claims without prejudice to allow Plaintiff to send a notice letter that cites the provisions of Section 1770 that Defendants allegedly violated. *See, e.g.*, *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009) (stating that, when a plaintiff violates a technical CLRA notice requirement, California courts dismiss the CLRA claims without prejudice "until 30 days or more after the plaintiff complies with the notice requirement").

C. Sufficiency of Pleading to Allege CLRA violation

Plaintiff alleges that Defendants violated three provisions of Section 1770(a) of the CLRA. Section 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have." Cal. Civ. Code § 1770(a)(5). Section 1770(a)(14) prohibits "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." *Id.* (a)(14). Section 1770(a)(17) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." *Id.* (a)(17).

On a motion to dismiss a CLRA claim, a court "examine[s] state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action," and applies Rule 9(b) to require "that the circumstances of the fraud [are] stated with particularity." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)). The analysis of the sufficiency of the claims under the CLRA and compliance with Rule 9(b) significantly overlap, and this Court addresses them together in this section.

Defendants say that the SAC fails to state a CLRA claim and does not meet the Rule 9(b) pleading standard because: (1) it does not allege what Amazon misrepresented or omitted and how it engaged in misrepresentation or omission; and (2) it does not sufficiently allege Audible's role in the alleged CLRA violation.

"To state a claim under the CLRA, a plaintiff generally must allege a misrepresentation, reliance, and damages. A plaintiff can state a claim under the CLRA by alleging either an affirmative misrepresentation or a failure to disclose." *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1046 (N.D. Cal. 2020). When a CLRA claim is based on a failure to disclose, the omission must be "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1112 (N.D. Cal. 2016) (quoting *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 996 (N.D. Cal. 2013)). The obligation to disclose arises, in pertinent part, "[(1)] when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; [(2)] when the defendant actively conceals a material fact from the plaintiff; and [(3)] when the defendant makes partial representations that are misleading because some other material fact has

not been disclosed." *Rojas-Lozano*, 159 F. Supp. 3d at 1112–13 (quoting *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255 (2011)).

1. Amazon

a. Misrepresentation

Defendants argue that Plaintiff did not allege misrepresentation because she did not allege that she did not receive a $1 digital reward, which the Amazon website advertised as the reward for choosing "FREE No-Rush Shipping." Dkt. # 54 at 16. But this argument mischaracterizes the allegations in the SAC. The allegations center on the Audible subscription, not the other "rewards" offered by Amazon for choosing "FREE No-Rush Shipping." Whether Plaintiff received any other digital rewards is immaterial here at the motion to dismiss phase.

b. Omission

Defendants argue that the SAC does not sufficiently allege any omission because it does not plead sufficient facts to meet Rule 9(b)'s pleading standard. Dkt. # 54 at 17.

The SAC alleges that "Defendants omitted material facts about the transaction in question" because Amazon had a duty to disclose that it would enroll Plaintiff in Audible when Plaintiff chose "FREE No-Rush Shipping." Dkt. # 49, ¶¶ 52, 53. Plaintiff argues that Amazon's duty to disclose arose because it promised Plaintiff and class members a "reward" for choosing "FREE No-Rush Shipping," but did not disclose that the "reward" included a free 30-day trial for Audible, which would turn into a paid subscription after the trial period. *Id.* She also argues that Amazon misrepresented what the "reward" would be by not disclosing that it would be a subscription to Audible.

Taking the SAC's allegations as true, Defendants had an obligation to disclose that Plaintiff would be subscribed to Audible because Defendants had "exclusive knowledge" of the fact that she would be enrolled in the 30-day free trial and Defendants made "partial representations" by disclosing some of the "benefits" of "FREE No-Rush Shipping." *See Rojas-Lozano*, 159 F. Supp. 3d at 1112–13. The SAC pleads sufficient facts to establish that Defendants had an obligation to disclose the Audible subscription, and that the lack of disclosure was an omission under the CLRA. Further, the SAC meets the Rule 9(b) pleading standard because it puts Defendants on notice of the conduct that was allegedly fraudulent. *See In re Finjan Holdings, Inc.*, 58 F.4th at 1057.

c. Reliance

Defendants argue that "Plaintiff has pled no facts, let alone particularized facts, explaining how she relied on any false statements about 'No-Rush Shipping.'" Dkt. # 54 at 17.

But the SAC alleges that Plaintiff would not have chosen "FREE No-Rush Shipping" if she had known that choosing that option would enroll her in an Audible subscription. Dkt. # 49, ¶ 48. Thus, the SAC pleads reliance on Amazon's alleged omissions and misrepresentations about the fact, which must be taken as true, that the choice of "FREE No-Rush Shipping" caused Plaintiff to be subscribed to Audible. Further, the SAC addresses the Northern District of California's concerns by alleging that Plaintiff saw the misrepresented terms when she chose the shipping option at checkout. *See* Dkt. # 49, ¶¶ 37, 38; *id.* Exhibit 1.

  2. Audible

Defendants argue that Plaintiff "alleges *no facts* showing *any* misrepresentation by Audible." Dkt. # 54 at 16 (emphasis in original). They say that the SAC, therefore, fails to satisfy the Rule 9(b) pleading standard of alleging Audible's role in the alleged fraud. *Id.*

As a general matter "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir.2007) (internal quotations and citations omitted). At a minimum, the plaintiff must "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Id.* at 765 (internal quotations and citations omitted).

The SAC alleges that Audible charged Plaintiff for a subscription that she did not agree to. Dkt. # 49, ¶ 51. While Plaintiff does not know exactly what action Amazon took and what action Audible took in subscribing her to Audible, this allegation suffices to put Audible on notice that its role in opening a subscription for Plaintiff was allegedly fraudulent.

Plaintiff also alleges that Audible is a subsidiary of Amazon and that Plaintiff's Audible subscription could be viewed and managed through her Amazon Prime account. Dkt. # 49, ¶ 3; *id.* Exhibit 6. Because of the close relationship between Amazon and Audible "'lumping' the defendants together is arguably less likely to frustrate notice of the claims as to any particular defendant." *Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-und Vereinsbank AG*, 2010 WL 94272, at *3.

D. Sufficiency of Pleading to Allege UCL Violation

Defendants argue that the SAC does not state a viable claim under the UCL. They say that the SAC's "failure to allege details about Audible's enrollment process—including how the process supposedly is connected to Amazon's 'No-Rush Shipping' program—precludes claims under any of the UCL's prongs." Dkt. # 54 at 18.

The UCL bars "unlawful, unfair, or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code § 17200. "Each of the three prongs of the UCL provides a separate and distinct theory of liability and an independent basis for relief." *Rojas-Lozano*, 159 F. Supp. 3d at 1117 (quoting *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 858 (N.D. Cal. 2012)).

1. Unlawful: Auto-Renewal Act

The "unlawful" prong of the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999). The SAC alleges violations of the CLRA (discussed above)[5] and California's Auto-Renewal Law ("ARL"), Cal. Bus. & Prof. Code § 17602.

The SAC alleges that Defendants violated each of the three requirements of the ARL: (1) a business must "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled"; (2) a business may not "[c]harge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's

[5] Given the conclusions above regarding the CLRA, the Court rejects the arguments that the SAC fails to state a claim under the unlawful prong of the UCL for violations of the CLRA.

affirmative consent"; and (3) a business must "provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." Cal. Bus. & Prof. Code § 17602(a)(1)–(3).

The SAC pleads sufficient facts to state claims under Sections 17602(a)(1) and 17602(a)(2) of the ARL. It alleges that Plaintiff was not provided "clear and conspicuous notice that she had been enrolled in an Audible membership" because she never saw any offer or terms from either Amazon or Audible . Dkt. 49, ¶¶ 41, 45, 88. It alleges that her credit card was charged by Audible through her Amazon account for an Audible subscription without her consent. Dkt. # 49, ¶¶ 44, 46; *id.* Exhibit 6.

But as to ARL Section 17602(a)(3), the SAC fails to state a claim because it presents only "threadbare recitals of the elements of [the] cause of action" to demonstrate that Plaintiff did not receive "an acknowledgement" from either Amazon or Audible that included the terms of the offer and the cancellation policy. *See Iqbal*, 556 U.S. at 678. In fact, the SAC alleges that Plaintiff received emails from Audible but did not read them because she believed that they were spam, since she did not know that she was enrolled in Audible. Dkt. # 49, ¶ 47. She does not offer any allegations as to whether she received emails from Amazon regarding the order, the digital reward, or the Audible subscription. Thus, as to ARL Section 17602(a)(3), the Court dismisses the UCL claim without prejudice.

2. Causation and Injury

Defendants also argue that the SAC does not allege that an economic injury resulted from their alleged unfair business practices. Dkt. # 54 at 19–20. In making this argument, Defendants rely on *Turnier v. Bed Bath and Beyond*, 517 F. Supp. 3d 1132 (S.D. Cal. 2021). But the

circumstances of that case were significantly different. There, the plaintiff alleged that Bed Bath and Beyond did not properly disclose that its subscription service, *Beyond* +, would automatically renew annually. *Id.* at 1136. In his complaint, the plaintiff did not allege any facts about the process that he used to sign up for *Beyond* +. *Id.* at 1140. He did not allege that if he had seen any such disclosure, he would have changed his behavior. *Id.* By contrast, here, Plaintiff alleges that she would not have chosen "FREE No-Rush Shipping" if she had been informed that the digital reward included a 30-day free trial for Audible or she would have cancelled her subscription to Audible. Dkt. # 49, ¶ 55. The SAC thus pleads sufficient facts, if taken as true, to establish causation.

3. Unfair and Fraudulent

Defendants vaguely argue that Plaintiff's entire UCL claim fails because "despite the [Northern District of California's] criticism of the FAC, the SAC contains no more facts about Audible's disclosures or enrollment process." Dkt. #54 at 19. But the motion to dismiss presents no arguments that the SAC fails to state a claim under the "unfair" prong of the UCL, so this order does not address whether the SAC presents sufficient allegations on that issue. Similarly, Defendants argue that the SAC fails on the "fraudulent prong" of the UCL fails for the same reasons that the CLRA claim fails. But because the Court concludes that the SAC does state a claim under the CLRA, it will not dismiss the UCL claim based on that argument.

## IV

## CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' motion to dismiss. The Court DISMISSES Plaintiff's CLRA claims without prejudice to allow Plaintiff to correct the

technical deficiency in her notice letter. The Court also DISMISSES Plaintiff's UCL claim under Cal. Bus. & Prof. Code § 17602(a)(3) without prejudice.

Dated this 23rd day of January, 2024.

John H. Chun
United States District Judge