UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIA HECK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.; AUDIBLE, INC.,<br><br>Defendants. | CASE NO. 2:23-cv-01219-JHC<br><br>ORDER |

# I

## Introduction

This matter comes before the Court on Plaintiff's First Discovery Motion. Dkt. # 119. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. Being fully advised, for the reasons below, the Court GRANTS the motion in part and DENIES it in part.

# II

## Background

The Third Amended Complaint (TAC) makes allegations on behalf of a putative class that Defendants, Amazon and its subsidiary Audible, violated certain California statutes by charging Plaintiff for an Audible subscription she did not want. Dkt. # 94 at 2, ¶¶ 4–8. After

ORDER - 1

this Court denied Defendants' motion to dismiss, *see* Dkt. # 100, the parties proceeded to discovery.

Plaintiff now moves to compel discovery. She asserts that Defendants improperly refuse to produce documents responsive to ten Requests for Production (RFPs) and refuse to engage in discovery of electronically stored information (ESI). Dkt. # 119. Defendants respond that Plaintiff's requests are overbroad and seek irrelevant material. In their telling, Plaintiff's theory of the case is that she was enrolled in Audible without her consent through the "digital rewards" that Defendants offer in exchange for their "FREE No-Rush Shipping" feature. They say that Plaintiff's requests seek materials unrelated to this theory, such as general information about Audible or its advertising practices. *See* Dkt. # 121 at 7–11. Defendants also argue that Plaintiff's motion is premature because they are already engaged in document review to generate responses to her requests. *Id.* at 6–7. Last, Defendants say that they are willing to negotiate an ESI protocol. *Id.* at 12.

## III

### DISCUSSION

A party may move for an order compelling discovery. *See* Fed. R. Civ. P. 37(a)(1). "The court may order a party to provide further responses to an 'evasive or incomplete disclosure, answer, or response.'" *See Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (citing Fed. R. Civ. P. 37(a)(4)). A court has "broad discretion" to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Pizzuto*

ORDER - 2

*v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025) (citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)). "Although the party seeking to compel discovery has the burden of establishing that its requests" seek relevant material, the party resisting discovery bears the burden of showing that the discovery should not be permitted. *See Doe*, 329 F.R.D. at 270 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "A party opposing discovery on the basis that the request is overbroad bears the burden of showing why discovery should be denied." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010); *see also Rathod v. Providence Health & Servs.*, 2021 WL 5182362, at *1 (W.D. Wash. June 21, 2021) (the party resisting discovery bears the "initial burden of making a specific objection and . . . raising an inference that the discovery fails the [Rule 26(b)] proportionality calculation").

A.     Ripeness

The Court first addresses the threshold issue of whether Plaintiff's motion is premature. It appears that the parties have satisfied the requirements of LCR 37(a)(1) to meet and confer. And the fact that Defendants are engaged in document review and may produce some, but perhaps not all, requested materials does not affect the ripeness analysis. *Cf. SAGE Electrochromics Inc v. View Inc*, 2013 WL 4777164, at *4 (N.D. Cal. Sept. 6, 2013) (discovery motion not ripe where parties had not conferred after supplemental response). Accordingly, the Court believes the motion is ripe.

B.     The RFPs at Issue

The main question presented is whether the RFPs at issue seek material that is "relevant any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).

ORDER - 3

      1.       Amended RFP 14

Amended RFP 14 seeks "all documents and communications concerning the enrollment of Proposed Class Members in an Audible Membership." Dkt. # 119 at 7. Plaintiff defines "Proposed Class Members" as "all persons in California who were charged for an Audible Membership during the Relevant Time Period [i.e. May 13, 2018 through present] and who did not stream or download any content from Audible after the free trial period." *Id.* at 6.

Defendants raise two objections to this RFP. The first is to Plaintiff's definition of "Proposed Class Members," which they say is "not limited in any way by an alleged theory of deceptive enrollment." But this objection is unavailing. If Defendants' concern is that the definition does not track any of Plaintiff's claims, then the objection fails because the definition covers, with an apparently reasonable limitation, individuals who would likely have a claim under Plaintiff's theory of liability. If Defendants object because the definition could not pass Rule 23 muster, the objection fails because Plaintiff is not attempting to define a class for the purposes of Rule 23.

Second, Defendants object that the RFP impermissibly seeks "unfettered discovery into all aspects of Audible's operations." *Id.* This objection also fails. Defendants cite *Shared Partnership v. Meta Platforms*, 2023 WL 2526645 (N.D. Cal. Mar. 14, 2023), but it is distinguishable. There, the plaintiff brought breach of contract, UCL, and fraud-based claims for relief concerning a social networking website's advertising business, and sought information on "all aspects" of Defendant's use of artificial intelligence in its vast advertising business. *Id.* at *3. By contrast, Plaintiff here seeks information on Defendants' activities only with respect enrollment of Plaintiff and potential class members and not any generalized business practice of Defendants.

ORDER - 4

That said, the request as phrased—"all documents and communications concerning" Defendants' enrollment practices—sweeps very broadly and is not otherwise limited by any criteria except for time and its application to Proposed Class Members. Thus, the information sought is likely disproportionate to the needs of the case. Therefore, the Court ORDERS Defendants to produce materials responsive to Plaintiff's Amended Request No. 14, subject to these limitations:

- The production will be limited to "documents sufficient to show the general appearance (in all material respects) of the webpages shown to consumers enrolling in an Audible membership from May 13, 2018 through July 1, 2025, and to show the substance (in all material respects) of the emails that Audible sent to consumers during that same period to confirm their enrollment in a trial Audible membership and the terms of that Audible membership." *See* Dkt. # 119 at 7 (citing Dkt. # 120-4).

- The production will exclude "direct communications between customers and customer representatives, unless copies of such direct communications were forwarded, aggregated, or escalated as part of any corporate discussion of the broader issue of enrollment and charges for unused Audible Memberships." *Id.* (citing Dkt. # 120-5).

2.  Amended RFPs 17 and 18

Amended RFPs 17 and 18 seek relevant information. These RFPs seek all documents and communications from "Proposed Class Members" concerning complaints about their enrollment in an Audible membership (RFP 17) or charges associated with that membership (RFP 18). Dkt. # 119 at 7. Documents and communications regarding the adjudication of complaints from Proposed Class Members (i.e., customers with a California billing address) are relevant. The advisory committee's note to the 2000 Amendment, endorsed by the note to the

ORDER - 5

2015 Amendment, makes it clear that information about "other incidents of the same type, or involving the same product," as well as "[i]nformation regarding organizational arrangements or filing systems" are all properly discoverable. *See* Fed. R. Civ. P. 26(b) advisory committee's note to the 2000 amendment. Defendants have not shown that these requests are otherwise disproportional to the needs of the case. The Court ORDERS Defendants to produce documents responsive to Amended RFPs 17 and 18.

       3.      RFPs 19, 20 & 25

RFPs 19, 20, and 25 also seek relevant information. The first two RFPs seek "[d]ocuments Sufficient to Show" the content of all advertisements and other promotional materials to existing Amazon customers offering free Audible credits or titles (RFP 19) or promoting an Audible Membership (RFP 20) during a specified period. RFP 25 seeks all documents and communications concerning "Amazon's offer to customer [*sic*] on the Amazon website digital content for purchase at a discounted price (e.g., $0.00) that would result in the customer being enrolled in a trial Audible Membership." Dkt. # 119 at 6.

While Plaintiff does not "allege that advertisements led to her enrollment or make any false advertising claims," Dkt. # 121 at 10, advertisements may still be relevant to her claims. Two of the statutes under which Plaintiff sues, the CLRA and the ARL, contain elements to which Defendants' advertisements may be relevant. *See* Cal. Civ. Code § 1770(a)(9)–(12) (listing certain advertising practices as prohibited); *see also* Cal. Bus. & Prof. Code § 17602(a)(1) (declaring unlawful any "fail[ure] to present automatic renewal offer terms in a clear and conspicuous manner . . . If the offer also includes a free gift or trial"). For example, it is conceivable that Defendants' advertising, promotional materials, or the contents of whatever offers it made to Plaintiff and others bear on whether Defendants "fail[ed] to present automatic renewal terms." At least one court in this Circuit has permitted discovery into advertisements

where the CLRA plaintiff has not made a false advertising allegation. *See Cholakyan v. Mercedes-Benz USA, LLC*, 2011 WL 7575379, at *23 (C.D. Cal. Dec. 20, 2011).

Further, relevant, non-privileged information "need not be admissible in evidence to be discoverable." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff's requests are limited in subject matter and period, and Defendants have not otherwise shown that these requests are disproportionate or overbroad. The Court ORDERS Defendants to produce materials responsive to RFPs 19, 20, and 25.

    4.    RFPs 21, 22 & 23

RFP 21 seeks documents related to the Amazon website pages displayed to existing customers "concerning an Audible Membership." Dkt. # 119 at 5. RFP 22 seeks documents related to the "notice and disclosure of the terms and conditions of the Audible Membership" displayed on the Amazon website to existing Amazon customers. *Id*. RFP 23 seeks documents showing "the manner in which [Defendants] memorialized" an existing Amazon customer's agreement to the terms and conditions of an Audible membership. *Id.* at 6. Each request seeks "Documents Sufficient to Show," asks for "representative example[s]," and is limited to the specified period.

But Defendants appear to have produced documents that satisfy each RFP. For RFP 23, Defendants state in their brief that the terms of the Audible membership "did not significantly change" during the relevant period, so the email memorialization of Plaintiff's Audible membership is representative of all such emails sent to Amazon customers. Dkt. # 121 at 10. Defendants convincingly argue that Plaintiff's dispute lies with the volume of Defendants' production, not with its sufficiency. The RFPs specifically ask for "representative examples." Courts in this Circuit generally permit parties to produce representative examples only, particularly when confronted with overbroad requests. *See, e.g.*, *Reflex Media, Inc. v. Luxy Ltd.*,

2021 WL 5937644, at *6–7 (C.D. Cal. Oct. 18, 2021); *Taylor v. Shutterfly, Inc.*, 2020 WL 5232607, at *2 (N.D. Cal. Sept. 2, 2020) ("the exchange of representative examples of non-responsive and responsive documents[] is more likely to ensure" adequate discovery).  And Defendants are correct that screenshots from the Internet Archive's Wayback Machine are suitable.  *See, e.g.*, *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1193 (W.D. Wash. 2024) (collecting authority).

        5.        Amended RFP 26

Plaintiff's Amended RFP 26 seeks all documents and communications during a relevant period "concerning customer experiences, processes, and design elements of enrollment in and cancellation of Audible Memberships referenced" at ¶¶ 188, 218, and 232 in the Amended Complaint in *FTC v. Amazon.com, Inc.*, No. 23-cv-0932 (W.D. Wash. Sept. 20, 2023), 2023 WL 10406539.  Dkt. # 119 at 7.  That case concerned Amazon's alleged violations of the Restore Online Shoppers' Confident Act with respect to its Prime subscription service.

The Court GRANTS Plaintiff's motion with respect to Amended RFP 26, subject to the modification discussed below.  The FTC action concerned unwanted Prime subscriptions, and the amended complaint there does make the foregoing references to Audible; and the documents Plaintiff seeks appear are at least plausibly relevant to the claims here, which concern unwanted Audible subscriptions.  The Court thus ORDERS Defendants to produce documents and communications responsive to Amended RFP 26, but only if they (1) include the term "Audible" and (2) were created during the Relevant Time Period for this action.  *See* Dkt. # 121 at 11.

C.        ESI Protocol

The parties originally agreed that an ESI protocol was unnecessary; but Plaintiff now says she "could not have foreseen months ago that Defendants would stonewall and slow-roll" discovery.  Dkt. # 119 at 14.  Plaintiff asks this Court to order Defendants to produce information

ORDER - 8

compliant with Section C of this District's Model Agreement Regarding Discovery of Electronically Stored Information (Model ESI Order). Defendants respond that they are willing to meet and confer regarding any ESI protocol, but that they refused to agree to Plaintiff's "one-sided proposal, which requires only Defendants to disclose their search parameters." Dkt. # 121 at 11 (emphases removed). Defendants say that if the Court orders the parties to negotiate on an ESI protocol, then each side should disclose no more than five custodians, as provided for by the Model ESI Order.

This Court has broad latitude to grant protective orders and manage discovery disputes, like ESI protocols. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002); *see also Crosby v. Amazon.com, Inc.*, 2022 WL 522953, at *1 (W.D. Wash. Feb. 22, 2022) ("[b]ecause the parties are unable to come to an agreement regarding all terms contained within an ESI discovery agreement, the Court will, in its discretion, assist the parties in doing so.").

Here, the factual allegations are relatively simple, regarding charges for a subscription that Plaintiff says she did not sign up for. Given the circumstances presented, the Court DIRECTS the parties to negotiate an ESI protocol based on the Model ESI Order. It should provide for discovery of each side's ESI. The Court agrees with Defendants that there is no reason why the number of custodians must depart from the Model ESI Order.

## IV

### Conclusion

For the reasons above, the Court GRANTS in part and DENIES in part the motion. The Court grants the motion with respect to Plaintiff's Amended RFPs 14, 17, 18, and 26, and RFPs 19, 20, and 25 subject to the limitations or modifications described above. The rest of Plaintiff's motion is denied. The parties are DIRECTED to negotiate an ESI protocol.

Dated this 2nd day of October, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 10