UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIA HECK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.; AUDIBLE, INC.,<br><br>Defendants. | CASE NO. 2:23-cv-01219-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Defendants Amazon.com, Inc. and Audible, Inc.'s Motion to Compel Interrogatory Responses. Dkt. # 123. The Court has considered the materials filed in support of and in opposition to the motion, pertinent parts of the record, and the applicable law. The Court finds oral argument unnecessary. Being fully advised, for the reasons below, the Court GRANTS the motion.

# II

## BACKGROUND

The Third Amended Complaint (TAC) makes allegations on behalf of a putative class that Defendants, Amazon and its subsidiary Audible, violated California's Automatic Renewal

ORDER - 1

Law (ARL), Cal. Bus. & Prof. Code § 17602, which violation is a predicate offense of that state's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, and Consumer Legal Remedies Act (CLRA), Cal. Civ. Code. § 1770. *See* Dkt. # 94 at 16–20, ¶¶ 75–96. Plaintiff alleges that Defendants did so by charging her and others for an Audible subscription without her consent. Dkt. # 94 at 2, ¶¶ 4–8. After this Court denied Defendants' motion to dismiss, *see* Dkt. # 100, the parties proceeded to discovery.

Defendants move to compel discovery. As somewhat of a preview, in their response to Plaintiff's first discovery motion, they said that Plaintiff had not furnished facts underpinning her central legal theory: that Defendants had enrolled Plaintiff into Audible without her consent when she signed up for "digital rewards" in exchange for Amazon Prime's "FREE No-Rush Shipping" feature. *See* Dkt. # 121 at 7. Defendants now move to compel Plaintiff's responses to five interrogatories purporting to seek these facts. Dkt. # 123 at 6–7.

### III

#### DISCUSSION

A party may serve interrogatories on any other party under Federal Rule of Civil Procedure 33. An interrogatory "may relate to any matter that may be inquired into under [Federal Rule of Civil Procedure] 26(b). *See* Fed. R. Civ. P. 33(a)(2). If the served party does not respond or responds deficiently, the propounding party may move for an order compelling the other party's answer. *See* Fed. R. Civ. P. 37(b)(3)(B)(iii). "The court may order a party to provide further responses to an 'evasive or incomplete disclosure, answer, or response.'" *See Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (citing Fed. R. Civ. P. 37(a)(4)). A court has "broad discretion" to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted).

ORDER - 2

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025) (citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)). "Although the party seeking to compel discovery has the burden of establishing that its requests" seek relevant material, the party resisting discovery bears the burden of showing that the discovery should not be permitted. *See Doe*, 329 F.R.D. at 270 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

A.   Interrogatories at Issue

The overarching issue is whether the interrogatories at issue seek information that is "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Defendants say that they need the factual basis of Plaintiff's "core allegations," or if there is no such basis, then an acknowledgment of that. *See* Dkt. # 123 at 9–11. Plaintiff responds that the facts that Defendants seek are protected by the work-product doctrine and also irrelevant. *See* Dkt. # 130 at 8–9.

The interrogatories at issue are as follows:

> **INTERROGATORY NO. 3:** State in detail all facts concerning the things that You allegedly "thought were the 'digital rewards' from the 'FREE No-Rush Shipping'" option (*see, e.g.*, TAC at ¶ 40).
>
> **INTERROGATORY NO. 4:** Describe in detail how You received the purported "digital rewards" described in Your response to Interrogatory No. 3, including all steps You took that caused You to receive them, whether Amazon or Audible provided communications related to those "digital rewards", and, if so, the contents of such communications. . . .
>
> **INTERROGATORY NO. 6:** Describe in detail every screen or interface You saw when You "used" the things described in Your responses to Interrogatories Nos. 3 and 4, including any links or buttons that You selected, any webpages

> You reviewed or accessed as part of the "reward" redemption process, and any product(s) and/or service(s) that You used the "digital rewards" to obtain.
>
> **INTERROGATORY NO. 7:** Describe in detail all the facts supporting Your belief that the things You "thought were the 'digital rewards' from the 'FREE No-Rush Shipping'" had a connection to Amazon Prime's "FREE No-Rush Shipping" delivery option, including any statements by Amazon or Audible that You contend establish a connection between the things You "thought were the 'digital rewards'" and "FREE No-Rush Shipping." . . .
>
> **INTERROGATORY NO. 18:** Describe in detail all facts supporting Your allegation that, "[w]hen a Prime member accepted the 'digital reward' and then thought they were using that reward, Amazon sent the Prime members' personal information to Audible." *See* TAC [Dkt. # 94] ¶ 15.

Dkt. # 124-2.

1. Privilege

Before analyzing the relevance of the information sought by these interrogatories, the Court first considers Plaintiff's claim that the work-product doctrine prevents that information's disclosure. Plaintiff says she refused to substantively respond to Defendants' interrogatories because they seek facts developed in the pre-suit investigation conducted by Plaintiff's counsel and aree thus protected by the work-product doctrine. *See* Dkt. # 130 at 11–12; Dkt. # 124-6 at 2–3. Defendants respond that they seek only factual information underlying Plaintiff's "FREE No-Rush Shipping" theory, and that such facts are not protected by the doctrine. *See* Dkt. # 123 at 12–13 (citing *Butler v. State Farm. Mut. Auto. Ins. Co.*, 2015 W 11714664, at *2–3 (W.D. Wash. July 23, 2015) ("the work product doctrine furnishes no shield against discovery, by interrogatories or deposition, of the facts that the adverse party's lawyer has learned"; compelling responses "to the extent that they seek to discover the factual basis for [the plaintiff's] claims")).

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," including that

ORDER - 4

party's counsel. Fed. R. Civ. P. 26(b)(3). But if the information is "otherwise discoverable under Rule 26," that is, "relevant to any party's claim or defense," it may generally be discovered. *Id.*; *see also Hickman v. Taylor*, 329 U.S. 495, 509–12 (1947). Generally, facts "enjoy far less protection under the work product doctrine," such that only the "mental impressions, conclusions, or legal theories" built on those facts are protected. *See Schreib v. Am. Fam. Mut. Ins. Co.*, 304 F.R.D. 282, 287–88 (W.D. Wash. Dec. 15, 2014) (citation omitted). "Only when a party seeking discovery attempts to ascertain facts, which inherently reveal the attorney's mental impression, does the work product protection extend to the underlying facts." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (citation modified). "Where the selection, organization, and characterization of facts reveals the theories, opinions, or mental impressions of a party or the party's representative, that material qualifies as opinion work product." *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 563 (C.D. Cal. 2003) (citation omitted).

Here, Defendants' interrogatories seek facts directly related to Plaintiff's factual allegations presented in the TAC. To the extent that they may implicate the mental impressions and opinions of Plaintiff's counsel, it should be possible to disclose these facts without revealing the protected information.

For example, Interrogatory No. 3 asks for "all facts concerning the things that [Plaintiff] allegedly 'thought were the digital rewards' from the 'FREE No-Rush Shipping' option." Dkt. # 123 at 7. The interrogatory does not seek what Plaintiff's *counsel* thought were the "facts concerning the things that Plaintiff thought were digital rewards." Nor could Plaintiff refuse to answer the interrogatory because she provided the sought-after information to her counsel, who then developed an opinion on the legal use of that fact. In any event, Rule 33(a) requires parties to "furnish such information as is available to the party," which "may include information known

ORDER - 5

to the responding party's lawyer, agents, or employees." *Concrete Washout Sys., Inc. v. Minegar Env't Sys., Inc.*, 2005 WL 8176634, at *1 (E.D. Cal. Jan. 31, 2005) (citation modified); *see also* Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2171 (3d ed. 2025) (a party responding to an interrogatory must "give all information known to it or its attorney.").

      The same logic applies to Interrogatory Nos. 4 and 6, which similarly seek facts about what Plaintiff did and saw or how she used Defendants' websites. Interrogatory No. 4 asks for facts about Plaintiff's actions, including how she received digital rewards, steps she took to receive them, and whether Amazon or Audible communicated with her about the rewards and the contents of any such communications. Interrogatory No. 6 seeks for facts related to what Plaintiff saw on Defendants' webpages and any actions she undertook while using them. These requests do not require Plaintiff's counsel to disclose their impressions, opinions, conclusions, or theories about this information.

      Interrogatory Nos. 7 and 18 perhaps tread closer to the line but are still not objectionable. Interrogatory No. 7 seeks facts supporting Plaintiff's belief of a "connection" between the digital rewards and the "FREE No-Rush Shipping" option. Somewhat similarly, Interrogatory No. 18 asks for facts supporting Plaintiff's allegation that when a Prime member accepted a digital reward, Amazon sent that member's personal information to Audible. These interrogatories stay in the realm of inquiring into the bases of Plaintiff's allegations in the TAC. Again, Plaintiff's counsel need not disclose their impressions, conclusions, or theories. But Plaintiff must otherwise disclose facts supporting her allegations.

      Plaintiff's cases are distinguishable. She principally relies on *FTC v. Doxo, Inc.*, 2024 WL 5119829 (W.D. Wash. Dec. 16, 2024). The court there did reject the defendant's attempt to compel disclosure of the factual basis for attorney-generated estimates, but it is distinguishable because the defendant itself had produced that underlying factual matter (communications with

ORDER - 6

consumers) to the plaintiff, and because the estimates were ultimately created by FTC counsel. *Id.* at 2–3. At bottom, the defendant sought material—estimates derived from consumer complaints—that had been created by an attorney and were thus work product. *Torres* is distinguishable because the court there took issue with contention interrogatories that asked the plaintiff to "identify . . . evidence" in support of claims instead of underlying facts. 2025 WL 1735564, at *3 ("had [the defendant]'s interrogatories sought the identification of facts []rather than an 'identif[ication] of evidence' . . . [the p]laintiff would have been required to provide responses" (quoting interrogatory)). *Wilcox v. Changala*, 2012 WL 12844083 (E.D. Wash. Jan. 18, 2012), is distinguishable because it also deals with an improperly formed contention interrogatory that sought to uncover "counsel's strategy" and "analysis of the case." *Id.* at *2. By contrast, all the interrogatories at issue ask for facts underlying Plaintiff's allegations.

    2.    Relevance

Having concluded that the interrogatories do not seek information protected by the work-product doctrine, the Court now turns to whether they seek relevant information. The Court concludes that they do. Though the parties dispute the nature of Plaintiff's central claim in the TAC, the interrogatories are facially relevant in either Plaintiff's or Defendant's articulation of it.

In Defendants' telling, Plaintiff mainly contends that she was enrolled, without her consent, in Audible as a "digital reward" when she signed up for "FREE No-Rush Shipping" in Prime. *See* Dkt. # 123 at 6. Plaintiff responds that Defendants "mischaracterize" her allegations, and that she instead contends only that Defendants charged her a monthly fee for Audible that "she did not know about, want, or use." Dkt. # 130 at 8. Plaintiff contends that it does not matter how she thought she was enrolled, just that she evidently was, by Defendants, without her consent, *id.*, in a manner that violates the CLRA and the UCL/ARL, *see generally* Dkt. # 94 (TAC).

ORDER - 7

But Plaintiff's TAC forecloses her argument against relevance. The TAC clearly articulates a link between the "digital rewards" offered via Prime's "FREE NO-Rush Shipping" feature and her enrollment in Audible. *See* Dkt. # 94 at 3, ¶ 15, *id.* at 9, ¶ 40. Plaintiff cannot claim that Defendants mischaracterize her allegations when the interrogatories at issue seek factual information directly related to specific paragraphs of the TAC. Even under Plaintiff's much more general formulation of her claims, the information sought by the interrogatories bears directly on them. For example, Plaintiff's consent, her perception of how Defendants represented Audible, and the terms of any deal are relevant to several of the statutes that Plaintiff claims Defendants violated.

## IV

### CONCLUSION

For the reasons above, the Court GRANTS the motion. Plaintiff must produce supplemental answers to these interrogatories within 14 days of this order.

Dated this 14th day of October, 2025.

*John H. Chun*
John H. Chun
United States District Judge